# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA

| | |
|---|---|
| DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART, | CIVIL DIVISION |
| | Case No.: 2016 - 02717 |
| Plaintiff, | COMPLAINT |
| v. | Medical Professional Liability Action |
| CHRISTIAN H. BUHL LEGACY TRUST f/k/a SHARON REGIONAL HEALTH SYSTEM and JOHN GALLAGHER, M.D., | Code: 007 |
| Defendants. | Filed on behalf of Plaintiff: DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART |
| | Counsel of Record for this Party: |
| | Victor H. Pribanic, Esquire<br>Pa. I.D. No.: 30785 |
| | Philip C. Chapman, III, Esquire<br>Pa. I.D. No.:319448 |
| | PRIBANIC & PRIBANIC, L.L.C.<br>1735 Lincoln Way<br>White Oak, PA 15131 |
| **JURY TRIAL DEMANDED** | (412) 672-5444 |

IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA

| | |
|---|---|
| DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART, | CIVIL DIVISION |
| Plaintiff, | Case No.: 2016 - 02717 |
| v. | |
| CHRISTIAN H. BUHL LEGACY TRUST f/k/a SHARON REGIONAL HEALTH SYSTEM and JOHN GALLAGHER, M.D., | |
| Defendants. | |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Mercer County Lawyers Referral Service
c/o Mercer County Bar Association
P.O. Box 1302
Hermitage, PA 16148
Telephone: (724) 342-3111

IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA

| | |
|---|---|
| DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN H. BUHL LEGACY TRUST f/k/a SHARON REGIONAL HEALTH SYSTEM and JOHN GALLAGHER, M.D.,<br><br>Defendants. | CIVIL DIVISION<br><br>Case No.: 2016 - 02717 |

## COMPLAINT

AND NOW, come Plaintiff, Delani J. Stewart-Wilson, a minor, by her natural mother and legal guardian, D'Ericka Stewart, by and through her counsel Victor H. Pribanic, Philip C. Chapman, and the law firm of Pribanic & Pribanic, L.L.C. and sets forth the following Complaint, and in support thereof avers the following:

Nature of the Action:

1. The within Complaint arises from the negligent medical treatment provided to D'Ericka Stewart before and during the birth of her minor daughter, Delani J. Stewart-Wilson, who suffered a brachial plexus injury during birth causing permanent and irreparable harm to her right shoulder and arm.

Parties to the Action:

2. Plaintiff, D'Ericka Stewart is an adult individual resident of Mercer County, Pennsylvania and brings this suit on behalf of her minor daughter, Delani J. Stewart-Wilson (Date of Birth: 11/9/09).

3. Defendant Christian H. Buhl Legacy Trust f/k/a Sharon Regional Health System, is a corporation located in Mercer County, Pennsylvania that provides medical health care services and did provide medical services to Ms. Stewart and her minor daughter, Delani J. Stewart-Wilson through its actual and / or apparent agents, including Dr. John Gallagher, M.D., during the events that gave rise to Delani J. Stewart-Wilson's injuries—Plaintiffs are asserting a professional liability action against this defendant.

4. Defendant John Gallagher, M.D. who, at all times relevant, was an agent (Dr. Gallagher is listed as an Obstetrics & Gynecology doctor on Sharon Regional Health System's website), ostensible agent, servant, and / or employee of Defendant, Christian H. Buhl Legacy Trust f/k/a Sharon Regional Health System, as well as a medical practitioner in his own right, provided medical care services to D'Ericka Stewart and Delani J. Stewart-Wilson, her minor daughter – Plaintiff is asserting a professional liability action against this Defendant.

5. All of the facts and allegations set forth below occurred during the year 2009 at Sharon Regional Hospital located at 740 East State Street,

Sharon, Mercer County, Pennsylvania 16146, which at the time of the complained of occurrence was part of the Sharon Regional Health System owned by the Christian H. Buhl Legacy Trust.

6. On April 1, 2014, almost 5 years after the complained of occurrence, the Christian H. Buhl Legacy Trust sold the rights to use the name Sharon Regional Health System.

7. However, upon information and belief, the Christian H. Buhl Legacy Trust retained all of its liabilities and is insured for claims of medical malpractice occurring at Sharon Regional Hospital prior to April 1, 2014 such as the one set forth below.

**Facts Common to All Counts:**

8. Throughout D'Ericka Stewart's pregnancy with her second child, Delani J. Stewart-Wilson, she "had good compliance" with her antepartum doctor visits and no identified complications.

9. Following a complication free pregnancy, on November 8, 2009 at or around 12:18 p.m., D'Ericka Stewart presented to Sharon Regional Hospital under the service of John Gallagher, M.D., for the delivery of her second child, Delani J. Stewart-Wilson.

10. At the time Ms. Stewart presented to Sharon Regional Hospital on 11/8/09, at a gestational age of 40 weeks, her most recent obstetric appointment with Dr. Gallagher had occurred on 11/3/09 – only 5 days earlier.

11. Immediately following her presentation to the hospital, Ms. Stewart was admitted under Dr. Gallagher's care with contractions every 2 – 4 minutes and placed on a fetal monitor.

12. At this time Ms. Stewart had cervical dilation of 2 cm and cervical effacement of 70%.

13. At or around 1:10 p.m., Lisa Harper, RNC called Dr. Gallagher with a status report and informed him of dilation, contractions, and the fetal heart rate tracing – Dr. Gallagher responded by ordering Ms. Stewart to ambulate for 1 hour before a reevaluation was performed.

14. Approximately 1 hour later, Ms. Stewart's status remained unchanged, with her contractions still occurring 2-4 minutes apart.

15. Dr. Gallagher ordered Ms. Stewart to return home and continue ambulating, then "to return to labor room when contractions increase in strength or if her membranes rupture."

16. After complying with Dr. Gallagher's order, Ms. Stewart again presented to Sharon Regional Hospital at 8:00 p.m. reporting the spontaneous rupturing of membranes and the leaking of copious amounts of dark green amniotic fluid.

17. At 8:40 p.m., Ms. Stewart was placed back on a fetal monitor – it was reported at this time that she had cervical dilation of 2-3 cm and cervical effacement of 90%.

18. At 9:15 p.m., Ms. Stewart's decelerations were first noted in the fetal monitoring record.

19. At or around 9:30 p.m., Dr. Gallagher completed Ms. Stewart's Obstetrics Admitting Record in which he identified two concerns regarding the ongoing labor: 1) Meconium, and 2) Prolonged latent phase of labor.

20. At 9:41 p.m., Dr. Gallagher dictated Ms. Stewart's Admission Note. Within this note Dr. Gallagher acknowledges ordering 15 mg of morphine IM as a result of tension caused by the prolonged latent phase – he states that additional interventions, such as epidural, will be used as needed and that he anticipates that Ms. Stewart will proceed with a vaginal delivery.

21. Within the same Admission Note, Dr. Gallagher estimated the fetal weight to be 7 pounds 5 ounces.

22. After the 15 mg of morphine IM was administered at 9:56 p.m., Ms. Stewart began sleeping through her contractions – about 40 minutes later, after Ms. Stewart had awoken, Dr. Gallagher ordered an additional 10 mg of morphine IM.

23. A Pitocin drip was initiated at 11:15 p.m. (1 munit/min, 1mL/h).

24. At 11:44 p.m., Ms. Stewart's Pitocin drip was increased (2 munit/min, 2 mL/h).

25. Later, at 12:11 a.m., Ms. Stewart's Pitocin drip was again increased (4 munit/min, 4 mL/h).

26. At 12:28 a.m. Ms. Stewart was fully dilated and the Pitocin drip was discontinued.

27. Dr. Gallagher entered the delivery room at 12:32 a.m., just as the baby was crowning to perform the delivery.

28. As Dr. Gallagher performed the delivery a shoulder dystocia occurred.

29. In attempting to free the infant's anterior shoulder, Dr. Gallagher manipulated the infant's head laterally while its shoulder continued to be obstructed by Ms. Stewart's pubic symphysis.

30. Dr. Gallagher manipulated the infant's head with lateral traction of sufficient force to cause nerve rupture/avulsion resulting in a severe and permanent brachial plexus injury.

31. Within minutes, Dr. Gallagher delivered Delani J. Stewart-Wilson, whose birth weight was determined to be 9 pounds – 1 pound 9 ounces larger than had been estimated by Dr. Gallagher 3 hours prior to her birth.

32. Ultimately, Dr. Gallagher noted that "[t]raction was used as gentle as possible" allowing for the delivery of the anterior shoulder "and the baby followed without any problem."

33. Delani J. Stewart Wilson's right arm was noted to be limp within minutes of her delivery, and within hours of her delivery nurses' notes indicated "no movement of infant right arm" and "poor grasp of right hand."

34. As a result of the manner of delivery, Delani J. Stewart-Wilson sustained a severe and permanent brachial plexus injury.

35. These injuries have required Delani J. Stewart-Wilson to undergo multiple surgeries and participate in countless hours of both physical and occupational therapy.

36. Now 7 years old, Delani J. Stewart-Wilson's right arm is several inches shorter than her uninjured left arm.

## COUNT I - NEGLIGENCE

### DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART V. JOHN GALLAGHER, M.D.

37. Plaintiff incorporates by reference herein paragraphs 1 through 36 of the Complaint and further avers as follows:

38. At all times relevant hereto, D'Ericka Stewart and Delani J. Stewart-Wilson relied upon Dr. John Gallagher to render full, complete, careful, and proper care and treatment during labor and delivery.

39. Delani J. Stewart-Wilson, as a direct and proximate result of the care and treatment rendered by Defendant, Dr. John Gallagher, M.D., suffered severe and permanent injury and/or a significantly increased risk of harm as is described more fully below.

40. The acts and/or omissions of Defendant, Dr. John Gallagher, M.D., described herein and resulting injury of Delani J. Stewart-Wilson, were caused by and were the direct result of Defendant, Gallagher's failure to

exercise reasonable treatment and care and the degree of care owed the Plaintiff under the circumstances in any or all of the following respects:

- a. In causing a brachial plexus injury while delivering Delani J. Stewart-Wilson as set forth in the Complaint;

- b. In failing to consider cesarean delivery and/or failing to deliver Delani J. Stewart-Wilson by caesarian section;

- c. In failing to properly and accurately identify fetal macrosomia and the risk associated therewith;

- d. In failing to evaluate the adequacy of the maternal pelvis and/or estimate fetal weight, either prenatally or during labor;

- e. In applying excessive and/or inappropriate lateral traction to the fetal head at the time of delivery resulting in nerve rupture/avulsion and permanent brachial plexus injury;

- f. In failing to administer an epidural and/or Stadol to relieve D'Ericka Stewart of the pain associated with child birth;

- g. In failing to recognize risk factors for obstetric brachial plexus injury and other contraindications to vaginal delivery, including but not limited to, cephalopelvic disproportion and fetal macrosomia; and

- h. In failing to utilize and document maneuvers for the alleviation of shoulder dystocia including but not limited to, maternal hip hyperflexion (McRoberts maneuver), suprapubic pressure, rotational maneuvers (Woods maneuver and Rubin maneuver), delivery of the posterior arm (Barnum maneuver), "all fours" (Gaskin maneuver), Cephalic replacement (Zavanelli and modified Zavanelli maneuver), Symphysiotomy and/or abdominal rescues through hysterotomy.

41. As a result of the conduct set forth above, Plaintiff, Delani J. Stewart-Wilson, has sustained the following damages:

- a. past, present and future pain, suffering, inconvenience, embarrassment, emotional distress, and mental anguish;

  b. permanent neurological injury and loss of function of her right upper extremity;

  c. further and additional injuries to the affected nerves, muscles, ligaments, tissues and vessels;

  d. increased risk for the development of degenerative conditions;

  e. past, present, and future medical expenses as a result of injuries caused by the Defendant;

  f. past, present and future earnings loss and loss of earning capacity;

  g. impairment of her general health, strength and vitality;

  h. scarring and disfigurement; and

  i. loss of the ordinary pleasures and enjoyment of life.

42. This Defendant's actions substantially, directly, and proximately caused the harm alleged herein.

Wherefore, Plaintiff, D'ERICKA STEWART, as the Legal Guardian of her minor daughter, DELANI J. STEWART-WILSON, a minor respectfully demands trial by jury and such compensatory damages as permitted by law in an amount in excess of the Board of Arbitrators of this court.

## COUNT II – RESPONDEAT SUPERIOR
### DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART V. CHRISTIAN H. BUHL LEGACY TRUST f/k/a SHARON REGIONAL HEALTH SYSTEM

43. Plaintiff incorporates by reference herein paragraphs 1 through 42 of the Complaint and further avers as follows:

44. Defendant Christian H. Buhl Legacy Trust f/k/a Sharon Regional Health System was under a duty to render medical care and related services to D'Ericka Stewart and Delani J. Stewart-Wilson in the context in which they presented in a manner that was commensurate with the applicable standard of care.

45. At all relevant times, Defendant John Gallagher, M.D. was an agent, ostensible agent, servant, and / or employee of this Defendant.

46. This Defendant, by virtue of the acts and / or omissions of its agent, ostensible agent, servant, and / or employee John Gallagher, M.D., fell below the applicable standard of care as set forth in the preceding paragraphs.

47. Delani J. Stewart-Wilson, as a direct and proximate result of the care and treatment, or lack thereof, rendered by this Defendant's agent, ostensible agent, servant, and / or employee, suffered injuries as set forth in this Complaint.

48. The negligent conduct of this Defendant's agent, ostensible agent, servant, and / or employee was a factual cause of Delani J. Stewart-Wilson's increased risk of harm and severe and permanent injuries.

Wherefore, Plaintiff, DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART respectfully demands trial by jury and such compensatory damages as permitted by law in an amount in excess of the Board of Arbitrators of this court.

Respectfully submitted,

PRIBANIC & PRIBANIC, L.L.C.

By: _____
Victor H. Pribanic
Philip C. Chapman
Counsel for Plaintiff

**JURY TRIAL DEMANDED**

## VERIFICATION TO COMPLAINT

Plaintiff, D'Ericka Stewart verifies that she is the legal guardian of Delani J. Stewart-Wilson and that they are the Plaintiffs in the foregoing action; that the foregoing Complaint is based upon information which she has furnished to her counsel and information which has been gathered by her counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of the Plaintiff. Plaintiff has read the Complaint and to the extent that the Complaint is based upon information which she has given to her counsel, it is true and correct to the best of her knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, she has relied upon counsel in making this Affidavit. Plaintiff understands that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

1/2/17
Date

_____
D'Ericka Stewart

DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART v.
CHRISTIAN H. BUHL LEGACY TRUST f/k/a SHARON REGIONAL HEALTH SYSTEM and JOHN GALLAGHER, M.D.,

Certificate of Merit as to CHRISTIAN H. BUHL LEGACY TRUST f/k/a SHARON REGIONAL HEALTH SYSTEM

Civil Division No.: 2016 - 02717

I, Victor H. Pribanic, Esquire, certify that:

\_\_\_\_  an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject of the First Amended Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

✓  the claim that this Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the First Amended Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

\_\_\_\_  expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant.

OR

\_\_\_\_  claims are raised under both subdivisions 1042.3 (a)(1) and 1042.3(a)(2);

Date: 1-6-17

_____
Victor H. Pribanic

DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART v.
CHRISTIAN H. BUHL LEGACY TRUST f/k/a SHARON REGIONAL HEALTH SYSTEM and JOHN GALLAGHER, M.D.,

Certificate of Merit as to JOHN GALLAGHER, M.D.

Civil Division No.: 2016 - 02717

I, Victor H. Pribanic, Esquire, certify that:

__√__ an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject of the First Amended Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

____ the claim that this Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the First Amended Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

____ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant.

OR

____ claims are raised under both subdivisions 1042.3 (a)(1) and 1042.3(a)(2);

Date: 1-6-17

_____
Victor H. Pribanic

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been served this 9th day of January, 2017 via first class United States mail, postage prepaid, upon the following counsel of record:

Terry C. Cavanaugh, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
U.S. Steel Tower
600 Grant Street, Suite 2900
Pittsburgh, PA 15219
*(Counsel for Defendant, Christian H. Buhl Legacy Trust f/k/a Sharon Regional Health System)*

Dr. John Gallagher, M.D.
740 E. State Street
Sharon, PA 16146
*(Currently Unrepresented Defendant.)*

Victor H. Pribanic