IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DELANI J. STEWART-WILSON, a minor, by her )
natural mother and legal guardian, D'ERICKA )
STEWART, )
                Plaintiff, )
           )
      vs )      Civil Action No. 17-113
           )
CHRISTIAN H. BUHL LEGACY TRUST, f/k/a )
SHARON REGIONAL HEALTH SYSTEM and )
JOHN GALLAGHER, M.D., )
                Defendants. )

O R D E R

On January 9, 2017, Plaintiff Delani J. Stewart-Wilson, a minor, by her natural mother

and legal guardian, D'Erica Stewart, filed this action in the Court of Common Pleas of Mercer

County, Pennsylvania. The complaint alleges one count of negligence and one count of

respondeat superior liability, arising out of severe and permanent injuries suffered by Delani

during her birth at Sharon Regional Hospital on November 8, 2009. Named as defendants are the

Christian H. Buhl Legacy Trust, which owned the hospital, and John Gallagher, M.D., who was

responsible for the delivery. Plaintiff alleges that Gallagher failed to use reasonable care during

the delivery.

On January 24, 2017, Gallagher removed the action to this Court on the basis of the

federal officer removal statute, 28 U.S.C. § 1442(a). On January 25, 2017, the United States of

America moved to be substituted as the proper party in place of Gallagher. An order was

entered, giving Plaintiff until February 16, 2017 to respond to the motion. To date, Plaintiff has

filed no response.

The United States indicates that, at the time of the incident alleged in the Complaint, Gallagher was an employee of the Primary Health Network, a deemed entity that was eligible for Federal Tort Claims Act malpractice coverage and was acting within the course and scope of his employment. 42 U.S.C. § 233(g)-(n). The Attorney General of the United States, by the Acting United States Attorney for the Western District of Pennsylvania, has certified that Gallagher was acting within the scope of his employment with the Primary Health Network at the time of the incident giving rise to the within action. (ECF No. 2 Ex. A.) Accordingly, the United States argues that Gallagher is entitled to individual immunity from suit under the Federal Tort Claims Act. 28 U.S.C. § 2671, et seq. ("FTCA").

The FTCA provides that all actions arising thereunder must be brought in the name of the United States of America, not in the name of the federal employee or entity who is allegedly negligent. 28 U.S.C. § 2679(b)(1). Where an action is brought against a federal employee, upon certification by the Attorney General that the employee was acting within the scope of his or her employment, the United States is substituted as the defendant. 28 U.S.C. § 2679(d)(1); Osborn v. Haley, 549 U.S. 225, 229-30 (2007). Further, 28 C.F.R. §§ 5.13(a) and 15.4 authorize the United States Attorney for the district where the civil action is brought to make the statutory certification that the employee was acting within the scope of employment.

The United States Attorney for this district has made the appropriate certification in this case. Therefore, the United States of America should be substituted for John Gallagher, M.D. as a named Defendant in this action with respect to the claims asserted against him, and he should be dismissed from this action with prejudice.

AND NOW, this 1st day of March, 2017,

IT IS HEREBY ORDERED that the motion to substitute party (ECF No. 2) filed on behalf of defendant John Gallagher, M.D. is granted. Defendant, John Gallagher, M.D. is dismissed, with prejudice, from this action, and the United States of America is substituted as a Defendant with respect to Plaintiff's claims against him for all further proceedings in this case.

s/Robert C. Mitchell_____
ROBERT C. MITCHELL
United States Magistrate Judge