IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DELANI J. STEWART-WILSON, a minor, by her natural mother and legal guardian, D'ERICKA STEWART, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs | ) ) | Civil Action No. 17-113 Judge Cercone |
| CHRISTIAN H. BUHL LEGACY TRUST, f/k/a SHARON REGIONAL HEALTH SYSTEM and THE UNITED STATES OF AMERICA, | ) ) ) ) | Magistrate Judge Mitchell |
| Defendants. | ) | |

I.     Recommendation

It is respectfully recommended that the motion to dismiss filed by the United States (ECF No. 12) be granted. It is further recommended that the remainder of this case be remanded to the Court of Common Pleas of Mercer County, Pennsylvania.

II.     Report

Plaintiff, Delani J. Stewart-Wilson, a minor, by her natural mother and legal guardian, D'Erica Stewart, filed this action in the Court of Common Pleas of Mercer County, Pennsylvania. The complaint alleges one count of negligence and one count of respondeat superior liability, arising out of severe and permanent injuries suffered by Delani during her birth at Sharon Regional Hospital on November 8, 2009. Named as defendants were the Christian H. Buhl Legacy Trust, which owned the hospital, and John Gallagher, M.D., who was responsible for the delivery. Plaintiff alleged that Gallagher failed to use reasonable care during the delivery.

The United States of America removed the action to this Court based upon the federal officer removal statute, 28 U.S.C. § 1442(a). On January 25, 2017, the United States moved to be substituted as the proper party in place of Gallagher (ECF No. 2). Plaintiff filed no opposition

to this motion. On March 1, 2017, an order was entered granting this motion and the United States was substituted for Gallagher (ECF No. 11).

Presently submitted for disposition is a motion to dismiss, filed by the United States. The United States argues that Plaintiff failed to timely exhaust administrative remedies prior to bringing suit, as is required under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 (FTCA). For the reasons that follow, the motion should be granted.

Facts

On November 8, 2009, D'Ericka Stewart arrived at Sharon Regional Hospital under the service of Dr. Gallagher for the delivery of second child, Delani. (Compl. ¶ 9.)[1] Eventually, she was taken to the delivery room, but during the delivery a shoulder dystocia occurred. She alleges that Dr. Gallagher manipulated the infant's head laterally while her shoulder continued to be obstructed by her (D'Ericka's) pubic symphysis and that he used lateral traction of such force that it caused rupture/avulsion resulting in severe and permanent brachial plexus injury to the infant. (Compl. ¶¶ 27-30.) Plaintiff states that Delani's right arm was noted to be limp within minutes of her delivery and that within hours of her delivery, nurses' notes indicated "no movement of infant right arm" and "poor grasp of right hand." (Compl. ¶ 33.) Plaintiff states that Delani suffered a severe and permanent brachial plexus injury, that her injuries have required her to undergo multiple surgeries and participate in countless hours of both physical and occupational therapy and that Delani's arm is several inches shorter than her uninjured left arm. (Compl. ¶¶ 34-36.)

Procedural History

On January 9, 2017, Plaintiff filed this action in the Court of Common Pleas of Mercer

---

[1] Notice of Removal (ECF No. 1) Ex. A.

County, Pennsylvania. The Complaint asserts one count of negligence and one count of respondeat superior liability. On January 24, 2017, Dr. Gallagher removed the action to this Court based upon 28 U.S.C. § 1442(a) on the ground that, at the time of Delani's birth, he was an employee of the Primary Health Network, a deemed entity that was eligible for FTCA malpractice coverage and he was acting within the scope and course of his employment. The United States moved to be substituted as the proper party pursuant to 28 U.S.C. § 2679. As noted above, the motion was granted on March 1, 2017 and the United States was substituted.

On March 3, 2017, the United States filed a motion to dismiss (ECF No. 12). By order dated March 6, 2017 (ECF No. 14), Plaintiff was directed to file a response by March 27, 2017. To date, no response has been filed.

Standard of Review

The United States filed its motion under "Rule 12(b)" of the Federal Rules of Civil Procedure without specifying which subsection applies. For the reasons that follow, the motion should be addressed under Rule 12(b)(1).

A motion challenging "lack of subject matter jurisdiction" is properly brought under Rule 12(b)(1). Moreover, another subsection of Rule 12 provides that: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Case law consistently holds that "federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue sua sponte." Liberty Mut. Ins. Co. v. Ward Trucking Co., 48 F.3d 742, 750 (3d Cir. 1995).

As summarized by the Court of Appeals:

> As a sovereign, the United States is immune from suit unless it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). Its consent to be sued must be "unequivocally expressed,"

and the terms of such consent define the court's subject matter jurisdiction. Id. (quotations omitted). The FTCA operates as a limited waiver of the United States's sovereign immunity. See Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003). "Because the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989). "[W]e should not take it upon ourselves to extend the waiver beyond that which Congress intended." United States v. Kubrick, 444 U.S. 111, 117–18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) (footnote omitted).

The FTCA provides that:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Moreover:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months of the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). See also 28 C.F.R. § 14.2 (how to present an administrative claim), § 14.9 (procedures for final denial of claims).

"The requirements that a claimant timely present a claim, do so in writing, and request a sum certain are jurisdictional prerequisites to a suit under the FTCA." Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (citation omitted). But see United States v. Kwai Fun Wong, 135 S.Ct. 1625 (2015) (holding that the time bar in § 2401(b) is not jurisdictional and that it is subject to equitable tolling just like any regular statute of limitations).

4

The United States argues that Plaintiff failed to file a claim prior to bringing suit. Rather, it appears that Plaintiff filed an administrative claim with the United States Department of Health and Human Services on or about February 14, 2017, after this case was filed. (ECF No. 13 Ex. A.) HHS has not yet ruled on this claim.

The Supreme Court has held that administrative exhaustion is not satisfied by receipt of agency rejection of claim occurring after commencement of suit but before any substantial progress has taken place in the litigation. McNeil v. United States, 508 U.S. 106 (1993). Rather, because § 2675(a) requires administrative exhaustion <u>before</u> filing suit, if a plaintiff files suit first, the case must be dismissed as premature. Id. at 111. The Court further stated that McNeil's federal case could not be deemed to have been "instituted" on the date when the administrative requirements were subsequently satisfied, because he had in fact filed it sometime earlier.[2]

In this case, Plaintiff filed a complaint in state court on January 9, 2017 and it was removed to this Court on January 24, 2017. At that time, she had not submitted an administrative claim. Although she subsequently submitted an administrative claim, it has not yet been adjudicated. Therefore, this case was filed prematurely and should be dismissed for failure to exhaust administrative remedies. This dismissal would be without prejudice to Plaintiff filing a new complaint once her administrative remedies are exhausted.

If this Report and Recommendation is adopted, the only remaining defendant would be Christian H. Buhl Legacy Trust, as to which there would no longer be a basis for subject matter jurisdiction. Therefore, it is recommended that the remainder of the case be remanded to the Court of Common Pleas of Mercer County, Pennsylvania.

---

[2] Although the Seventh Circuit's opinion had also discussed the issue of whether McNeil attempted to file a new action by submitting the administrative denial to the district court, the Supreme Court noted that its grant of certiorari did not encompass this question. Id. at 110 n.5.

For all the reasons cited above, it is respectfully recommended that the motion to dismiss filed by the United States (ECF No. 12) be granted. It is further recommended that the remainder of this case be remanded to the Court of Common Pleas of Mercer County, Pennsylvania.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by April 27, 2017. Any party opposing the objections shall file a response by May 11, 2017. Failure to file timely objections will waive the right of appeal.

s/Robert C. Mitchell_____<br>
ROBERT C. MITCHELL<br>
United States Magistrate Judge

Date: April 13, 2017